IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| PATTI JAMES,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | 3:12-CV-01815-JO<br><br>OPINION AND ORDER |

JONES, J.,

Plaintiff Patti James appeals the Commissioner's decision denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

### PRIOR PROCEEDINGS

James alleged disability beginning August 10, 2009, due to degenerative disc disease with chronic pain, loss of muscle in the arms, and headaches. She alleged difficulty sitting or standing for extended periods, bending, squatting, twisting, lifting heavy objects, thinking, concentrating, and remembering. Admin. R. 150.

The ALJ applied the sequential disability determination process described in 20 C.F.R. § 404.1520. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found that James's ability to perform basic work activities was adversely affected by degenerative disc disease of the cervical and lumbar regions of the spine with cervical radiculopathy and a history of cervical fusion. Admin. R. 12.

The ALJ found that, despite her impairments, James retained the residual functional capacity ("RFC") to perform light work, with standing or walking restricted to four hours in a workday and sitting restricted to six hours in a work day, and with the option to change positions occasionally. She could perform work involving occasional overhead reaching, occasional climbing of ramps and stairs, and occasional postural activities such as stooping, crouching, crawling, and kneeling. She could not climb ladders, ropes, or scaffolds. Her ability to perform fingering activities were slightly limited. Admin. R. 13.

The ALJ took testimony from a vocational expert ("VE") who said that a person having James's age, education, work experience and RFC could perform light, semiskilled occupations such as food assembler and electric motor assembler, representing over one hundred thousand jobs in the national economy. Admin. R. 18, 59-60. The ALJ concluded that James was not disabled within the meaning of the Social Security Act. Admin. R. 18-19.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences

reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

### I. Claims of Error

James contends the ALJ failed to accurately assess her RFC because he disregarded the lay witness statement of her daughter, Cassandra James. She contends the ALJ's RFC assessment was impermissibly vague and was inconsistent with the regulatory definition of light work. Finally, James contends the ALJ erred by finding that transferability of skills was immaterial in determining that she could perform the semi-skilled jobs identified by the VE.

### II. Lay Witness Statement

James contends the ALJ improperly ignored the lay witness statement of her daughter, Cassandra James, without giving adequate reasons. An ALJ must consider the testimony of a lay witness, but may discount it for reasons germane to the witness. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ's reasons must be supported by substantial evidence, but may appear anywhere in the decision without being tied directly to the evaluation of the lay witness statement. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

James's daughter provided a written third party function report, describing James's daily activities and limitations. Admin. R. 174-81. She indicated that James had an unspecified degree of difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, completing tasks, concentrating, and using her hands. Admin. R. 179. She said James had no problem with personal care activities, was able to prepare simple meals and drive a car, and could follow instructions and get along with authority figures. James needed help lifting groceries and did

not do house chores or yard work. Admin. R. 176. She could walk up to 10 minutes and then needed to stop and rest for up to 15 minutes. Admin. R. 179.

The ALJ considered this function report and found that the activities described by Cassandra James suggested James was not as limited as she claimed. Admin. R. 17. The ALJ's RFC assessment reasonably accounted for most of the limitations Cassandra James identified, by restricting lifting, standing, walking, sitting, overhead reaching, climbing, stooping, crouching, crawling, and fingering. Admin. R. 13. The ALJ's RFC assessment did not adopt Cassandra James's statements about her mother's difficulty with concentration, completing tasks, and walking more than 10 minutes at a time.

The ALJ did not state reasons tied directly to Cassandra James for discounting those aspects of her statement. This was not erroneous, however, because the ALJ's reasons were evident elsewhere in the record. *Lewis*, 236 F.3d at 512. For example, with respect to James's ability to walk, the ALJ relied on evidence that James currently worked up to 20 hours a week doing security tasks that included walking around a quarter mile hockey arena. Admin. R. 15. In addition, Dr. Armstrong-Murphy examined James and opined that she could walk up to a total of four hours in a normal workday. Admin. R. 16. With respect to limitations in mental function, such as concentration and persistence with tasks, the ALJ relied on the findings of Dorothy Anderson, Ph.D., who found that James had no medically determinable mental impairment. Admin. R. 17. These reasons are germane and provide a reasonable basis for the ALJ to discount Cassandra James's lay witness statement.

Lastly, Cassandra James's function report adopted the limitations described in James's own subjective complaints. Accordingly, her lay witness statement was susceptible to the same reasoning

the ALJ provided in discounting James's credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1117-18 (9th Cir. 2012) (ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to lay witness testimony describing the same limitations). The ALJ discounted James's subjective statements because the medical evidence did not suggest the debilitating limitations she claimed, the medical opinions did not support disability, her current work and daily activities suggested she was not as limited as she claimed, her treatment history was conservative, and her failure to comply with treatment suggested she was not as limited as she claimed. Admin. R. 14-17. James does not challenge the adverse credibility finding and the ALJ's reasoning provides an adequate basis for discounting Cassandra James's lay witness statement. *Valentine*, 574 F.3d at 694; *Lewis*, 236 F.3d at 512.

## III.  RFC Assessment

James contends the ALJ's RFC assessment was impermissibly vague because it did not state with specificity how often she would need to alternate between sitting and standing. The RFC assessment stated that she would "need to change positions occasionally." Admin. R. 13. The ALJ elicited testimony from the VE by describing a hypothetical person who "would need to change positions occasionally through the day from sitting to standing." Admin. R. 59. The statement reasonably described James's sit/stand requirement and the VE did not require further clarification or indicate any confusion or lack of understanding.

James argues that the ALJ violated Social Security Ruling (SSR) 83-12, 1983 WL 31253, which requires an ALJ to obtain a VE's opinion when the full range of work at a given level of exertion is diminished because the claimant must have a sit/stand option. The ALJ complied with SSR 83-12 in this case by calling a VE and presenting a hypothetical question describing the

sit/stand option. James next argues that the ALJ violated SSR 96-9p, 1996 WL 374185, which applies only to claimants who are limited to work at the sedentary level of exertion. SSR 96-9p has no application here, because the ALJ found James capable of a modified range of light exertion. Admin. R. 13. Accordingly, the ALJ's RFC assessment did not contravene either SSR 83-12 or SSR 96-9p.

James argues that the ALJ's RFC assessment is based on erroneous inconsistent findings that she is capable of work at the light level of exertion yet must limit walking or standing to four hours in a workday. The argument is based on the regulatory definition of light work. To be considered capable of the full range of light work, a claimant must be capable of a good deal of walking, generally up to six hours a day. Pltf.'s Br. 10, citing 20 C.F.R. § 404.1567(b). Here, however, the ALJ found that James "could perform light work as defined in 20 CFR 404.1567(b) *except* . . .She can stand and walk up to four hours a day." (emphasis supplied) Admin. R. 13. The ALJ found that James was capable of a modified range of light work, excluding work requiring more than four hours of standing or walking. Accordingly, there was no inconsistency or error.

## IV. Transferable Skills

James contends the ALJ erred at step five of the decision-making process by determining that transferability of skills was immaterial to the determination that she could perform other work identified by the VE. Where transferability is an issue, and ALJ must make certain findings regarding the acquired skills and the occupations to which they may be transferred. SSR 82-41, 1982 WL 31389. The ALJ determined that transferability of job skills was not material to the disability determination in this case. Admin. R. 17. The following paragraphs explain why he was correct.

The Medical-Vocational Rules are based on vocational factors of age, education, and work experience in combination with each of the possible strength categories of work, *i.e.* sedentary, light, medium, heavy, and very heavy. Where the findings of fact coincide with all of the criteria for one of the rules, the rule will direct a conclusion as to whether the claimant is or is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a). The rules are based on administrative notice of the numbers of jobs in the national economy at the various combinations of strength categories and vocational factors. Where a rule directs a finding of not disabled, the existence of a significant number of jobs in the national economy is presumed for an individual who meets all the combined factors contemplated by the rule. Where a given rule directs a finding of disabled, the absence of significant numbers of jobs is presumed. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(b).

For some claimants, including James, additional limitations impede the ability to perform the full range of work in a given strength category. In such cases, the Medical-Vocational Rules still carry weight and must be used as a framework to guide the decision. For that purpose, the applicable rule is the one that corresponds to the claimant's maximum residual strength and vocational factors. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e)(2).

Here, the ALJ used the following findings of fact. James could perform a modified range of light work reduced by the limitations described in the RFC assessment. She was 49 at the alleged onset of her disability, which placed her in the category "closely approaching advanced age." She completed high school and attended college, placing her in the category "high school graduate or more." She had work experience in skilled and semiskilled occupations, placing her in either the "skilled or semiskilled - skills transferable" category or in the "skilled or semiskilled - skills not transferable" category. Admin. R. 17-18. James does not challenge these findings of fact.

-7-   OPINION AND ORDER

The Medical-Vocational Rules corresponding to these findings direct a decision of "not disabled" regardless of whether James had transferrable skills from her previous work or even if she had no previous work. 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 202.13-202.15.

The ALJ recognized that because James had limitations impeding the full range of light work, the Medical-Vocational Rules were not conclusive and a VE had to be consulted. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). As noted previously, however, the Medical-Vocational Rules are used as a framework to guide the decision and support a decision that is consistent with outcome directed by the applicable rule. Within that framework, on the facts of this case, transferability of skills was not material, for reasons already described. 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 202.13-202.15. Accordingly, the ALJ was not required by SSR 82-41 to identify transferable skills.

The ALJ properly applied the Medical-Vocational Rules as a framework and took testimony from the VE. Both the framework and the VE's testimony supported a finding that there were jobs in the national economy that James could do.

As to James's claim that the ALJ erred by failing to specify her acquired skills, she has not shown a substantial likelihood that she was harmed. Based on his expertise and evidence that James graduated from high school, attended college, and worked at skilled and semiskilled jobs, the vocational expert testified that she was capable of the two jobs he identified, which were at the lowest end of the semiskilled range. Admin. R. 59-60. James has not identified skills required to work in those occupations that she does not possess. The VE's uncontroverted opinion together with the framework provided by the Medical Vocational Rules, provided substantial evidence to support the ALJ's conclusion. The court may not reverse an ALJ's decision based on an error that is

-8-    OPINION AND ORDER

harmless and it is the claimant's burden to establish error and to show that it was harmful. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). James has not done so here.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

DATED this 21st day of November, 2013.

Robert E. Jones, Senior Judge
United States District Court